IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYLANN BORGHETTI, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
|                   v. | )   Civil No. 19-798 |
| | ) |
| CBD USA GROWN, INC., et al. | ) |
| | ) |
|     Defendants. | ) |

## OPINION and ORDER

Before the Court is Plaintiffs' Motion for Entry of Default Judgment against Defendants CBD USA Grown, Inc., KMA Holdings Group, LLC, and Greenleaf Golden Enterprises, LLC (the Corporate Defendants) under Federal Rule of Civil Procedure 55(b)(2). ECF No. 47. In addition, Defendant Deborah Gestner filed a Renewed Motion for Payment of Attorneys' Fees and Litigation Expenses, ECF No. 52, seeking reimbursement for expenses and fees from the same Corporate Defendants. Further, the Borghettis' have filed a Motion to Compel Discovery and for Sanctions, ECF No. 22, and a Motion to Compel Compliance with Third Party Subpoena Pursuant to Rule 45, ECF No. 61.

As regards Plaintiffs' Motion for default Judgment against the Corporate Defendants, said Defendants have not responded to either Motion, nor have they taken any action with respect to this case since March 31, 2020. Oral argument on the Motions was held on July 22, 2020. After careful review of the pleadings and the arguments of counsel, the Court concludes that the Corporate Defendants are in Default and Default Judgment against the Corporate Defendants is warranted. A final judgment will not be entered until after a hearing to determine damages.

As regards Defendant Gestner's Renewed Motion for Payment of Attorneys' Fees and Litigation Expenses, such relief is best addressed through crossclaims rather than a motion. Therefore, the Motion will be denied, without prejudice and the pleadings will be reopened to permit Ms. Gestner to file any crossclaim.

Further, regarding the Borghettis' Motion to Compel Discovery and for Sanctions, Ms. Gestner's counsel did not have the opportunity to file a formal response to the Motion on behalf of her client, and further, Ms. Gestner claims that she does not possess any Corporate Defendant documents.  Ms. Gestner and the Borghettis are communicating with each other to resolve their relevant outstanding discovery issues and will seek the Court's intervention only if necessary. The Borghettis are presently unable to communicate with the Corporate Defendants in any capacity and have instead pursued the Corporate Defendants' documents from third parties. Accordingly, said Motion will be dismissed, without prejudice to renewal.

As to the Borghettis' Motion to Compel Compliance with Third Party Subpoena Pursuant to Rule 45, by separate order the Court will direct the Third Party to respond and set argument on the Motion.

**I.     Background**

Peter Borghetti was employed as corporate counsel for CBD USA GROWN, Inc (CBD) and Greenleaf Golden Enterprises, LLC (Greenleaf).  Pursuant to the terms of his employment agreement, Peter Borghetti was to receive financial remuneration and benefits.  Some of the benefits were also extended to his wife, Cherlyann Borghetti.  Mr. Borghetti's employment agreement also provided for financial remuneration upon termination.  In addition, both Borghettis expected to receive financial benefits from stock purchase agreements they entered into with CBD.  Mr. Borghetti was terminated on February 11, 2019.  Thereafter, the Borghettis

filed a fourteen-count Complaint against the three Corporate Defendants and the President of CBD, Defendant Deborah Gestner. ECF No. 1 (Complaint filed under seal) & ECF No. 5 (redacted Complaint). The Borghettis claim that Defendants violated the Pennsylvania Wage Payment and Collection law by failing to pay Mr. Borghetti unpaid salary of $17,307.70 and by failing to provide him with a severance payment of at least $200,000. Counts I and II. The Borghettis also claim that the Corporate Defendants breached their contractual obligation to reimburse Mr. Borghetti for $1,579.31 in expenses, and to pay for healthcare as promised, resulting in personal healthcare expenditures of $2,082.50, for which he seeks reimbursement. Count III. The Borghettis also claim that CBD committed fraud, violated Pennsylvania state securities laws, and breached its contractual obligations to pay dividends of at least $30,000 to Ms. Borghetti and of at least $80,000 to Mr. Borghetti. Counts IV, V, VI, VII, VIII, & IX. The Borghettis also allege that CBD violated Federal Securities law resulting in damages of $15,000 to Ms. Borghetti and $65,000 to Mr. Borghetti. Counts X & XI. They also allege violations of Federal and State security laws against CBD, for which the Borghettis seek at least $90,000 in damages. Counts XII & XIII. Finally, the Borghettis seek to pierce the corporate veil as to Ms. Gestner and they seek damages of at least $90,000 from her. Count XIV.

  Initially, CBD, KMA, Greenleaf, and Ms. Gestner were represented by the law firm of Dodaro, Matta and Cambest, P.C. Defendants' counsel filed a joint Answer to the Complaint on September 9, 2019. ECF No. 12. During discovery, a conflict arose between Ms. Gestner and defense counsel concerning the claims, defenses and conduct of this litigation. ECF No. 23, at ¶ 3. At that time, the Corporate Defendants agreed that Ms. Gestner should obtain separate defense counsel. Id. ¶ 5. On February 9, 2020, the Court granted the Defendants' Joint Motion

to Substitute Counsel for Ms. Gestner.  ECF No. 24.  The Donardo, Matta and Cambest, P.C. firm continued to represent the Corporate Defendants.

On March 11, 2020, Ms. Gestner filed a Motion to Disqualify the Corporate Defendants' law firm.  ECF No. 35.  Following a hearing on March 31, 2020, the Court granted the Motion to Disqualify, gave the Corporate Defendants forty-five days, or until May 15, 2020, to obtain new counsel, and ordered the parties to file a Joint Status Report on May 15, 2020.  Id.  The May 15, 2020 deadline passed with no entry of appearance by any Corporation successor defense counsel and no communication from any of the Corporate Defendants.  The Borghettis and Ms. Gestner filed a Joint Status Report, but the Corporate Defendants did not join in the status report, because they had not retained counsel and apparently had not communicated with Ms. Gestner or the Borghettis.  ECF No. 44.  On May 19, 2020, the Court issued an Order again directing the Corporate Defendants to engage counsel by May 29, 2020.  ECF No. 45.  A copy of the Order extending the deadline was mailed to each Corporate Defendant at their addresses as pleaded in Paragraphs 2, 3, and 4 of the Complaint and which Defendants' admitted in their Answer.  ECF No. 12, at ¶¶ 2-4.  Id.  Again, the May 29, 2020 deadline passed with no entry of appearance by any Corporation defense counsel and no Corporation defense communication to the Court.

On June 9, 2020, the Borghettis' Motion for Default Judgment was filed and served upon the individual Corporate Defendants by mail.  ECF No. 47.  On June 17, 2020, the Court issued an Order setting a hearing on the Motion for July 22, 2020 and mailed a copy of the Order to the Corporate Defendants by regular and certified mail.[1]   ECF No. 48.  Prior to the hearing, Ms.

---

[1] Federal Rule of Criminal Procedure 55(b)(2) requires that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."  Fed. R. Civ. Proc 55(b)(2).  Here, the Corporate Defendants have appeared by a representative.  They were served with written notice of the Borghettis' application for default judgment and the Court's notice of the hearing more than seven days before the July 22, 2020 hearing.

Gestner filed a Renewed Motion for Attorney Fees and Litigation Expenses, which she also served on the Corporate Defendants by mail.  ECF No. 52.  On July 14, 2020, the Court issued an Order scheduling hearing on said Renewed Motion for July 22, 2020 in conjunction with the hearing on the Motion for Default Judgment.  ECF No. 53.  The Order and instructions for attending the video hearing were sent to the Corporate Defendants by certified and regular mail. Id.  On July 21, 2020, the Borghettis filed three Affidavits, each with extensive Exhibits, in support of their request for a monetary judgment and award of fees and expenses.  ECF Nos. 54, 55, & 56.  There is no record indication that the Affidavit or Exhibits were served on the Corporate Defendants.[2]

No Corporate Defendant contacted the Court or opposing counsel prior to the July 22, 2020 hearing.  No individual corporate representative and no Corporation defense counsel appeared at the July 22, 2020 hearing.  At the conclusion of the hearing on the Motion for Default Judgment, the Court informed the parties that it was taking it under advisement.  The Court explained that if necessary, a hearing to determine damages must be held before entry of a final default judgment.  As to Ms. Gestner's Renewed Motion, the Court advised counsel that such claim for reimbursement of attorney fees and litigation expenses, which is based upon her agreement with CBD and Greenleaf, is more properly brought as a crossclaim against the Corporate Defendants.  In response, Counsel for Ms. Gestner made an oral motion to reopen the pleadings to file such a crossclaim, if necessary.  The Court took the Renewed Motion and oral motion to reopen the pleadings under advisement.

---

[2] The Affidavits and their contents were not the subject of argument and this Court does not rely on them in the present Opinion.

## II. Motion for Entry of Default Judgment

The Borghettis request the entry of default judgment against the Corporate Defendants under Rule 55(b)(2). Federal Rule of Civil Procedure 55 sets forth a two-step process for a party to obtain a default judgment against another party. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2682 (4th ed.). After obtaining a Default, the party may request the entry of Default Judgment, either from the Clerk, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," or "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. Proc. 55(b)(1) & (2). The Court will consider whether Default against the Corporate Defendants is appropriate followed by consideration of the appropriateness of Default Judgment under Rule 55(b)(2).

### A. Default

Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. Proc. 55(a) (emphasis added). "Although the Rule refers only to the clerk's entry of default, it is undisputed that the court may impose a default as a sanction." Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 917 n. 11 (3d Cir. 1992). The Corporate Defendants have not failed to plead, as they have answered the Complaint and participated in pretrial activity until their counsel was disqualified. However, from the date of the Court's March 31, 2020 Order disqualifying counsel, through the date of this Opinion, the Corporate Defendants have failed to obtain substitute counsel, failed to file any pleading on the docket, failed to communicate with the Court, and failed to appear for court

hearings. The Corporate Defendants have been given ample opportunity to comply with the Court's Order or to communicate with the Court or counsel of record regarding this case. Since March 31, 2020, each individual Corporate Defendant has been served with three Court Orders and with the Borghettis' and Ms. Gestner's respective Motions. The Borghettis have shown by "affidavit or otherwise" that the Corporate Defendants have failed to "otherwise defend" this action. Fed. R. Civ. Proc 55(a). The Court finds that, as a result of the Corporate Defendants' failure to obtain new counsel and "otherwise defend" this action, the Corporate Defendants are in Default. Accordingly, Default is entered against CBD USA Grown, Inc., KMA Holdings Group, LLC, and Greenleaf Golden Enterprises, LLC's.

### A. Default Judgment

After obtaining a Default, the party may request the entry of Default Judgment, either from the Clerk, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," or "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. Proc. 55(b)(1) & (2). The Borghettis have applied for Default Judgment under Rule 55(b)(2). Therefore, if default judgment is appropriate, a hearing must be set to determine damages. 10A Wright and Miller, Fed. Prac. & Proc. Civ. § 2682 ("[d]amages must be fixed before an entry of default can become a default judgment").

In considering whether a final judgment should be entered against a defaulting party, the United States Court of Appeals for the Third Circuit has "repeatedly acknowledged that 'dismissals with prejudice or defaults are drastic sanctions' that 'must be a sanction of last, not first, resort.'" Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 869 (3d Cir. 1984). "If the case is close, 'doubts should be resolved in favor of reaching a decision on the merits.'" Hildebrand v. Allegheny Cty., 923 F.3d 128, 132 (3d Cir. 2019) (citations omitted). The Third

Circuit sets forth a six-factor test to guide a Court's analysis as to whether dismissal is an appropriate sanction for a defaulting party. The factors are:

(1) the extent of the party's personal responsibility;

(2) the prejudice of the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868. "[I]t is not necessary that all of the factors point toward a default before that sanction will be upheld." Hoxworth, 980 F.2d at 919; Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003) ("Each factor need not be satisfied for the trial court to dismiss a claim").

### 1. Application of the Poulis factors

#### a. Corporate Defendants' Personal Responsibility

There is no conduct, relevant to default, attributable to the Corporate Defendants during the time they were represented by the law firm of Dodaro, Matta and Cambest, P.C. Counsel for the law firm filed an Answer, participated with opposing counsel in the Rule26(f) conference, attended the Initial Case Management Conference, and otherwise performed all actions necessary to defend their clients, including vigorously opposing the Motion to Disqualify. The Corporate Defendants' direct responsibility to defend this case thus began on March 31, 2020, the date when the Court disqualified counsel and ordered the Corporate Defendants to obtain new counsel. Since that date, the Corporate Defendants have been responsible to abide by this Court's Orders directing them to obtain new counsel, to respond to the Borghettis' discovery

requests and inquiries, to respond to Ms. Gestner's Motion, to appear at the Motions hearing, and to not cause delay in this case. The Corporate Defendants have not met any of these responsibilities since March 31, 2020. The Corporate Defendants have been completely absent from this case since March 31, 2020. They have made no effort to engage with the Court or counsel. They have not given the Court or the parties any indication to suggest that they have any interest or intent to participate any further in this case. In short, the Corporate Defendants have ceased all participation in this action. This factor weighs in favor of default judgment.

### b. Prejudice to Plaintiffs

The initial forty-five days that the Court provided for the Corporate Defendants to obtain new counsel was not delay caused by the Corporate Defendants. However, the Corporate Defendants did not secure legal counsel in response to the Court's Order. The Corporate Defendants also failed to communicate with the Court or opposing counsel. They have not informed the Court that they could not obtain new counsel, that they needed more time, or that they had no intent to obtain new counsel (if that were the case). The Corporate Defendants' silence and inaction since May 15, 2020, despite repeated communications from this Court and counsel, has unnecessarily delayed this action and caused undue expense to the Borghettis, thereby prejudicing them.

Because of the Corporate Defendants' non-participation, the Borghettis' have an unresolved outstanding Motion to Compel Discovery and for Sanctions.[3] ECF No. 21. The Borghettis are also unable to schedule depositions of the Corporate Defendants' officers and employees. Moreover, the Borghettis have had to incur expenses through their efforts to communicate with the Corporate Defendants and to pursue Default Judgment. The Plaintiffs have suffered direct prejudice in that the Corporate Defendants have not responded to discovery requests. Thus, the

---

[3] The Borghettis' Motion to Compel and for Sanctions was filed when all four Defendants were represented by the same counsel.

Borghettis are without documents needed to prosecute and prove their claims at trial. The Borghettis have had to incur additional burden and expense to attempt to secure such documents from third parties. *See* ECF Nos. 44 & 61. Therefore, although the time delay here is not extraordinarily lengthy, absent any effort by the Corporate Defendants to participate and to provide discovery responses, and given the prejudice suffered by the Borghettis, this factor weighs in favor of default judgment. Hildebrand, 923 F.3d at 134 ("bar is not so high that a party needs to show 'irremediable harm' for the prejudice to weigh in favor of dismissal").

### c. History of Dilatoriness

As explained above, the history of the Corporate Defendants' dilatoriness has been unchanged since May 15, 2020. Although not of lengthy duration, their total failure to participate in this litigation since that time, despite Court Orders and communication efforts from other counsel, provides sufficient evidence of "repeated delay." Id. at 135 ("[m]ost cases where the court found a history of dilatoriness involved repeated delay"). Because the history is not over a long duration, this factor weighs slightly in favor of default judgment.

### d. Willfulness and Bad Faith

A logical conclusion to draw from the Corporate Defendants' inaction is that they have acted willfully in not obtaining new counsel, or in not communicating with opposing counsel or the Court. However, since the Corporate Defendants have not provided any communication to relay any explanation for their inaction, the Court cannot presently determine the issue of bad faith.

As regards willfulness and bad faith, the Hildebrand Court stated that "a court should look for 'the type of willful or contumacious behavior' that can be characterized as "'flagrant bad faith,'" such as failing to answer interrogatories for nearly a year and a half, demanding numerous extensions, ignoring admonitions by the court, and making false promises to correct

delays." Id. (quoting Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir.1984)). The Court also stated that "'[w]illfulness involves intentional or self-serving behavior[,]'" and that a "lengthy delay reflects 'inexcusable negligent behavior,'" but that behavior alone "does not rise to the level of willfulness or bad faith." Hildebrand, 923 F.2d at 135 (quoting Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund, 29 F.3d 863 at 875 & 876 (3d Cir. 1994)). In Adams, the Court declined to find willfulness where the party offered "no explanation" for its delay and where there was "no indication it was strategic or self-serving." Id. at 876. The Court instead characterized the conduct as "a prime example of inexcusable negligent behavior." Id. While the Court can surmise that the Corporate Defendants are acting willfully because the Corporate Defendants have ceased all participation and communication in this case, the Court has no direct evidence of the type of willfulness or bad faith described by the Third Circuit Court of Appeals. But see Air Sea Transp., Inc. v. Niki Int'l, Inc., No. CIV. 2:12-6244 KM, 2014 WL 3548628, at *5 (D.N.J. July 17, 2014) (finding the willfulness and bad faith factor weighs in favor of entering default judgment where party "fail[ed] to appoint new counsel in direct contravention of a court order," "proffered no explanation for its failure to comply with [the Court's] Order to appoint new counsel," and proffered no explanation for "its more general failure to defend"). Therefore, the Court finds the Corporate Defendants have acted willfully, but the bad faith factor is neutral, due to lack of direct evidence. However, the Corporate Defendants should not benefit from their total lack of participation, communication and compliance with Court orders.

### e. Alternative Sanctions

"[A]lternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency." Hildebrand, 923 F.2d at 136. Here, alternative sanctions would not be effective and would not mitigate the prejudice to the Borghettis. Despite the Court twice ordering the Corporate Defendants to obtain new counsel, they have not obeyed the Orders, requested more time, or explained their failure to comply. Any alternative sanction, such as a fine or discovery sanction, would likely be ignored or ineffective in this case. The Corporate Defendants have chosen not to participate in the action and have declined to respond to discovery requests. At this point, the only effective sanction against the Corporate Defendants is the entry of default judgment.

### f. Meritoriousness of the Claims

"The standard for determining whether a plaintiff's claims are meritorious 'is moderate.'" Hildebrand, 923 F.3d at 137 (quoting Adams, 29 F.3d at 876). The Court is not required to "balance both parties' claims and defenses." Hoxworth, 980 F.2d at 922. A claim is considered meritorious for purposes of dismissal when the allegations contained in the pleadings, if established at trial, would support recovery by the plaintiff. Poulis, 747 F.2d at 869–70. "The meritoriousness of the claim for this purpose must be evaluated on the basis of the facial validity of the pleadings, and not on summary judgment standards." Scarborough, 747 F.2d at 875. "Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." 10A Wright and Miller, Fed. Prac. & Proc. Civ. § 2688.1; see also Air Sea Transp., 2014 WL 3548628, at *3 ("'defendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages'" (citation omitted)). The Court's review of the

Complaint demonstrates that the Borghettis' claims are meritorious, and the allegations, if proven at trial, would support recovery for the Borghettis. This factor weighs in favor of Default Judgment.

### 2. Summary of Poulis Factors

A balancing of the Poulis factors weighs towards entry of Default Judgment. Significantly, with respect to the specific circumstance precipitating the instant motion, the Third Circuit Court has stated that a district court may impose a default judgment against "defendants for failure to comply with its own unambiguous orders to obtain substitute counsel." Hoxworth, 980 F.2d at 918 (citing cases). The Court therefore concludes that Default Judgment is appropriate.

### B. Entry of Default Judgment Under Rule 55(b)(2)

Two factors require that the Court delay entry of Default Judgment. First, the amount of damages and fees to be awarded in this case have not been determined and remain uncertain. 10A Fed. Prac. & Proc. Civ. § 2682 ("[d]amages must be fixed before an entry of default can become a default judgment"). Second, because the Corporate Defendants have previously appeared by a representative, they each "must be served with written notice of the application [for damages] at least 7 days before the hearing." Fed. R. Civ. Proc. 55(b)(2). The Corporate Defendants were served with notice of the July 22, 2020 hearing by regular and certified mail at least seven days before that hearing, however, no discussion or determination of damages occurred at that hearing. The Court will therefore schedule a hearing to determine the amount of damages and order that each individual Corporate Defendant be served with notice of the hearing by certified and regular mail.[4]

---

[4] The Corporate Defendants must also be served, at least seven days before the hearing, with all material the Borghettis intend to rely upon to support their request for damages and fees

### III.     Renewed Motion for Payment of Attorneys' Fees and Litigation Expenses

Turning to Ms. Gestner's Renewed Motion for Attorneys' Fees and Litigation Expenses, it is apparent that she too has suffered prejudice, in general by the failure of the Corporate Defendants to appear and defend in this action, and specifically by the failure of the Corporate Defendants to respond to her Motion.  However, Ms. Gestner contends she is entitled to the requested relief based upon provisions in the bylaws and operating agreements of CBD, KMA, and Greenleaf with respect to her corporate position.   Because the relief she requests is properly raised as crossclaims, the Renewed Motion for Attorneys' Fees and Litigation Expenses will be denied.  Ms. Gestner's oral Motion to reopen the pleadings, made at the July 22, 2020 hearing, will be granted.  The pleadings shall be to permit Ms. Gestner an opportunity to file any crossclaim should she choose to do so.

### IV.     Remaining Motions and Pleadings

As noted, the Borghettis have an outstanding Motion to Compel Discovery and for Sanctions directed to all four Defendants.  ECF No. 22.  Prior to being disqualified, the law firm of Dodaro, Matta and Cambest filed a Response in opposition to the Motion on behalf of all four Defendants.  ECF No. 28.  The Court set a hearing on the Motions and directed the parties to confer upon specific discovery requests.  ECF No. 33.  The Court also specified the parameters for argument about other discovery requests.  <u>Id.</u>  Ms. Gestner's present counsel did not have an opportunity to file a response to the Motion to Compel.  However, at the July 22, 2020 hearing, counsel conveyed to the Court that they will continue to confer about their outstanding discovery disputes, and only seek the Court's intervention if necessary.  With regard to the Corporate Defendants, Plaintiffs' counsel stated his understanding that the Motion to Compel was "cancelled" in light of the Corporate Defendants failure to obtain counsel or otherwise respond to

discovery requests. Therefore, Plaintiffs are seeking the Corporate Defendants' documents from the Corporate Defendants former accounting firm and former law firm. Accordingly, the Motion for Discovery and Motion for Sanctions will be dismissed, without prejudice to renewal by Plaintiffs, as necessary.

Because the Corporate Defendants have failed to respond to discovery, the Borghettis have attempted to obtain the Corporate Defendants' documents from third parties, such as the Corporate Defendants' accounting firm and the law firm, Shumaker, Loop, and Kendrick, LLP. Joint Status Report, ECF No. 44 at 2. On June 30, 2020, Shumaker, Loop, and Kendrick, LLP filed Objections to a Subpoena from the Borghettis. ECF No. 51.[5] The Objections indicate that the Florida law firm has agreed to comply with the subpoena in part, while retaining its objections to other parts. The Objections do not request any action from the Court. On August 20, 2020, the Borghettis filed a Motion to Compel Compliance with Third Party Subpoena Pursuant to Rule 45, ECF No. 61, alleging that, despite the agreement, the law firm has not provided any documents; and therefore, it has not complied with the Subpoena in any respect. ECF No. 61. By separate Order, the law firm will be ordered to file a response to the Motion to Compel and Argument concerning the Motion to Compel will be scheduled.

V.  **Conclusion**

For the reasons explained above, Default is warranted and Default will be entered against the Corporate Defendants. Entry of final Default Judgment, however, must await a determination of damages. Ms. Gestner's Renewed Motion for fees and expenses will be denied, without prejudice. Ms. Gestner's oral motion to reopen the pleadings to state any crossclaims for fees and expenses will be granted. The Borghettis' discovery motion will be dismissed, without

---

[5] This pleading was removed from public view in accordance with the Western District's rule that discovery documents are not to be filed. LCvR 5.4.A.

prejudice. The Borghettis' Motion to Compel, filed against the third-party law firm, will be scheduled for Responses and Argument. An appropriate Order follows.

### Order

AND NOW, 8th day of September, it is hereby ORDERED as follows:

1. Plaintiffs' Motion for Entry of Default Judgment, ECF NO. 47, is GRANTED as to the entry of Default against Defendants CBD USA Grown, Inc., KMA Holdings Group, LLC, and Greenleaf Golden Enterprises, LLC. The Clerk is hereby directed to enter Default against said Defendants. While entry of Default Judgment is appropriate, a final Default Judgment will be entered following a hearing and determination of the Plaintiffs' damages.
2. Deborah Gestner's Renewed Motion for Payment of Attorneys' Fees and Litigation Expenses, ECF No. 52, is DENIED, without prejudice.
3. Ms. Gestner's July 22, 2020 Oral Motion to Reopen the Pleadings is GRANTED. The pleadings are reopened until **September 22, 2020** for Ms. Gestner to file crossclaims for counsel fees and expenses.
4. Plaintiffs' Motion to Compel Discovery and for Sanctions, ECF No. 22, is dismissed without prejudice.
5. Plaintiffs' Motion to Compel Compliance with Third Party Subpoena Pursuant to Rule 45, ECF No. 61, will be scheduled for Responses and Argument by separate order.

IT IS FURTHER ORDERED that a hearing to determine damages with respect to Plaintiffs' Motion for Default Judgment, ECF No. 47, is hereby scheduled for Thursday, **October 8, 2020**, at **9:30 AM**. The hearing will be conducted by Zoom video, with

instructions to be conveyed to counsel and the Corporate Defendants.  Any party intending to enter exhibits at the time of the Zoom hearing are directed to submit said exhibits by email with attachments to the court and all parties on or before **September 28, 2020**.  If any party's email is unknown said exhibits shall be sent to the parties by certified and regular mail.

    IT IS FURTHER ORDERED that a copy of this Opinion and Order shall be sent to each of the Corporate Defendants by certified and regular mail at the addresses indicated below.

BY THE COURT:

*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

cc:    CBD USA Grown, Inc.  (by certified and regular mail)
World Operation Center
700 Horizon Drive, #117
Cargo Building A, Foreign Trade Zone #33
Pittsburgh, PA 15231

KMA Holdings Group, LLC  (by certified and regular mail)
World Operation Center
700 Horizon Drive, #117
Cargo Building A, Foreign Trade Zone #33
Pittsburgh, PA 15231

Greenleaf Golden Enterprises, LLC  (by certified and regular mail)
World Operation Center
700 Horizon Drive, #117
Cargo Building A, Foreign Trade Zone #33
Pittsburgh, PA 15231