IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYLANN BORGHETTI, and PETER BORGHETTI, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil No. 19-798 |
| DEBORAH GESTNER, | ) ) ) |
| Defendants. | ) ) |

**OPINION and ORDER**

Presently before the Court is Plaintiffs Peter Borghetti and Cherlyann Borghetti's Motion for Summary Judgment against pro se Defendant Deborah Gestner. ECF No. 155. Ms. Gestner has filed a Response in Opposition to the Motion to which Plaintiffs have responded. ECF Nos. 161, 162, 163, and 164. For the reasons explained below, Plaintiffs' Motion for Summary Judgment will be denied.

**I.     Relevant Background**

The Complaint in this action was filed on July 3, 2019, against four defendants: CBD USA GROWN, Inc (CBD), KMA Holdings Group, LLC (KMA), Greenleaf Golden Enterprises, LLC (Greenleaf), and Deborah Gestner. Initially, CBD, KMA, Greenleaf, and Ms. Gestner were represented by the law firm of Dodaro, Matta and Cambest, P.C. Defendants' counsel filed a joint Answer to the Complaint on September 9, 2019. ECF No. 12. On October 21, 2019, a Case Management Order was entered, and discovery began. ECF No. 15. On January 8, 2020, discovery was extended to March 23, 2020. ECF No. 21. During discovery, a conflict arose between Ms. Gestner and defense counsel concerning the claims, defenses and conduct of the

litigation. ECF No. 23, at ¶ 3. At that time, the corporate Defendants agreed that Ms. Gestner should obtain separate counsel. Id. ¶ 5.

On March 11, 2020, Ms. Gestner's newly retained counsel filed a Motion to Disqualify counsel for the corporate Defendants. ECF No.35. Litigation on said Motion necessarily extended discovery. Following briefing and a March 31, 2020 argument on the Motion to Disqualify, the Court granted the Motion and disqualified the law firm of Dodaro, Matta and Cambest, P.C. from representing any party in this action. ECF No. 43. The Court stayed all pending deadlines for forty-five days to permit the corporate Defendants time to retain new counsel. However, over the next five months the corporate Defendants ceased all communications with the Court and opposing counsel. On June 9, 2020, Plaintiffs filed a Motion for Entry of Default Judgment against the corporate Defendants. ECF No. 47. On September 8, 2020, the Court issued an Opinion and Order ordering the Clerk to enter Default against the corporate Defendants. ECF No. 62. A hearing on damages was held on October 8, 2020, and an Order entering Default Judgment against the corporate Defendants was entered on October 14, 2020. ECF Nos. 78 and 81.

The case has since proceeded against Deborah Gestner only. Discovery resumed and the parties engaged in good faith efforts to resolve the case. On November 18, 2021, the Court granted Ms. Gestner's counsel's Motion to Withdraw. ECF Nos. 143, 144. Since that date, Ms. Gestner has been representing herself. Although Ms. Gestner and counsel for Plaintiffs explored possible resolution of the case, they were unable to come to an agreement. Therefore, the Court set a summary judgment briefing schedule.

The sole claim Plaintiffs assert against Ms. Gestner is Count XIV, a "Veil Piercing Claim." The thirteen remaining substantive counts are asserted against only the corporate

Defendants.  In Counts I, II, and III, Plaintiffs allege that the corporate Defendants unlawfully failed to pay Peter Borghetti salary, expenses, and benefits.  In Counts IV through XIII, Plaintiffs allege that CBD committed, among other things, fraud, breach of contract, and state and federal securities violations, all of which injured Plaintiffs.

## II.     Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed R. Civ. P. 56(a).  The court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In evaluating the evidence, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in his or her favor.  Watson v. Abington Twp., 578 F.3d 144, 147 (3d Cir. 2007).

## III.    Discussion

The Court recognizes that Ms. Gestner is representing herself and therefore her pleadings are not held to the standard of a trained member of the bar.  Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  "If the court can reasonably read pleadings to state a valid claim [or defense] on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements."  Graves v. Wetzel, No. 15-CV-205 (BJR), 2017 WL 771259, at *1 (W.D. Pa. Feb. 28, 2017) (citing Boag v. MacDougall, 454 U.S. 364 (1982)).

Plaintiffs seek affirmative summary judgment as a matter of law on their Veil Piercing Claim against Ms. Gestner.  The Court has identified two distinct reasons why judgment as a matter of law is inappropriate at this juncture.  First, there are genuine issues of material fact as to whether Plaintiffs have met their burden to demonstrate by clear and convincing evidence that the corporate veil can be pierced and whether such would work to reach Ms. Gestner personally.  Second, there are genuine issues of material fact as to whether Plaintiffs have established the elements of their underlying claims on the merits.

### A.  Piercing the Corporate Veil

"In order to prevail on a claim for piercing the corporate veil, plaintiffs 'must show (1) that the corporation and its shareholders operated as a single economic entity, and (2) that an overall element of injustice or unfairness is present." MIG Invs. LLC v. Aetrex Worldwide, Inc., 852 F. Supp. 2d 493, 514 (D. Del. 2012) (quoting Trevino v. Merscorp, Inc., 583 F.Supp.2d 521, 528 (D.Del. 2008)). "In general, courts consider several factors, including, 'undercapitalization, failure to adhere to corporate formalities, the insolvency of the entity, substantial intermingling of corporate and personal affairs, use of the corporate form to perpetrate a fraud, and circumstances that present an element of injustice or unfairness.'" Takeda Pharms. U.S.A., Inc. v. Spireas, 400 F. Supp. 3d 185, 216 (E.D. Pa. 2019) (quoting Reivia Ashley, LLC v. Paselo Logistics, LLC, No. 14-5092, 2017 WL 6001640, at *13-14 (E.D. Pa. Dec. 1, 2017)).  "The party attempting to pierce the corporate veil bears the burden of proof on this issue by clear and convincing evidence." Rice v. First Energy Corp., 339 F. Supp. 3d 523, 535 (W.D. Pa. 2018) (quoting Publicker Indus., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1069 (3d Cir. 1979)).

Viewing Ms. Gestner's pro se pleadings in a light most favorable to her, the Court finds that she has raised genuine issues of material fact as to whether the corporate veil should be

pierced against her.  Ms. Gestner has raised issues of fact regarding the corporate form, which person or persons were in fact directing corporate activities (and when), the reality of the capitalization of the corporations (in light of the fact that such were start-ups), issues of Ms. Gestner's compensation, and the timing of corporate activities (among other things).  Piercing the corporate veil "is a 'stringent inquiry' and courts deciding whether to disregard the corporate entity must 'start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception.'"  Siematic Mobelwerke GmbH & Co. KG v. Siematic Corp., 643 F. Supp. 2d 675, 694–595 (E.D. Pa. 2009) (quoting Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F.3d 340, 353 (3d Cir.2001)).  Resolution of a piercing the corporate veil claim "is fact based and must be supported by the record."  Rice, 339 F. Supp. 3d at 535.  Given that genuine issues of fact exist as to whether piercing the corporate veil has been established, it would be premature to enter judgment as a matter of law against Ms. Gestner.

### B.  Elements of Plaintiffs' Underlying Claims

In 2018, the Pennsylvania Supreme Court "held unequivocally that '[a] request to pierce the corporate veil is not an independent cause of action.'"  Mitchell v. CJKant Res. Grp., LLC, No. 5:21-CV-2465, 2021 WL 5980049, at *4 (E.D. Pa. Dec. 17, 2021) (quoting Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC, 194 A.3d 1010, 1035 (Pa. 2018)).  Piercing the corporate veil "'is a means of imposing liability established in an underlying cause of action' and not a cause of action on its own."  Mitchell, 2021 WL 5980049, at *4 (quoting Golden Gate Nat'l Senior Care, 194 A.3d at 1035).  Piercing the corporate veil via the alter ego theory "is just that—a theory used to impose liability onto a defendant once an actual cause of action has been proven."  Mitchell, 2021 WL 5980049, at *4.

Plaintiffs' underlying causes of action have not been proven on the *merits* against any Defendant, including Ms. Gestner. In support of their Motion for Summary Judgment, Plaintiffs incorporate numerous pleadings filed in relation to their Motion for Default Judgment against the corporate Defendants. In particular, Plaintiffs incorporate "Requests for Admissions that were served upon – but never answered by – the Company Defendants." Br. Supp. Mot. Summ. J. at 2. Plaintiffs seek to have such Requests for Admissions treated as "conclusively established" since the corporate Defendants did not answer the Requests. Default judgment entered against the three corporate Defendants that failed to appear is not a judgment on the merits of claims I through XIII. "In cases where the defendants fail to appear, courts may enter default judgment 'based solely on the fact that the default has occurred.'" Am. Builders Ins. Co. v. Keystone Insurers Grp., Inc., No. 4:19-CV-01497, 2021 WL 6072753, at *2 (M.D. Pa. Dec. 23, 2021) (quoting Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n. 9 (3d Cir. 1990)). Here, it could be argued that entry of default judgment against the corporate Defendants was premature where a non-defaulting Defendant, Ms. Gestner, awaits resolution on the merits of the claims. Am. Builders, 2021 WL 6072753, at *2. In multi-defendant cases "the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants." Id. (quoting Alpine Fresh, Inc. v. Jala Trucking Corp., 181 F. Supp. 3d 250, 258 (D.N.J. 2016)).

Ms. Gestner is entitled to a decision on the merits of the underlying claims, and here Plaintiffs do not attempt to establish the merits of their underlying claims against Ms. Gestner as a matter of law. In addition, reading Ms. Gestner's pleadings in a light most favorable to her, the Court finds that she has raised genuine issues of material fact. For example, she raises issues of fact as to whether the corporations are in fact liable and as to whether other persons are

responsible for damages suffered by Plaintiffs.  She also raises genuine issues of material fact as to the merits of Peter Borghetti's employment-related claims asserted in claims I, II, and III.  She also claims that much of the factual assertions Plaintiffs rely on in support of imposing liability against the corporations are innocent actions for a start-up corporation experiencing typical difficulties in obtaining funding and investments.

**IV.     Conclusion**

Viewing the record evidence in a light most favorable to Ms. Gestner, the Court finds that genuine issues of material fact exist, which foreclose entry of summary judgment.  Accordingly, Plaintiffs' Motion for Summary Judgment (ECF No. 155) is DENIED.

A Pretrial Conference will be set at which the parties should be prepared to discuss a trial date as well as deadlines for, at a  minimum, pretrial statements, motions in limine, proposed voir dire, and proposed points for charge.


September 1, 2022                                               s/Marilyn J. Horan
                                                                Marilyn J. Horan
                                                                United States District Court Judge


cc:     Deborah Gestner, pro se
        392 Rehoboth Road
        Belle Vernon, PA 15012